UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ELISEO GONZALES LUIS, on behalf of himself  :
and others similarly situated,                                      :
                                                                                 :
                            Plaintiff,                                     :            **REPORT AND RECOMMENDATION**
                                                                                 :
            -against-                                                     :            18 Civ. 4052 (FB) (VMS)
                                                                                 :
MARABELLA PIZZA, LLC, PIETRO                          :
PASSALACQUA, GUISEPPE LETO, and            :
GINGO CORP., d/b/a Marabella                            :
Pizza,                                                                       :
                                                                                 :
                            Defendants.                                :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Eliseo Gonzales Luis commenced this action against Marabella Pizza, LLC, Pietro Passalacqua and Guiseppe Leto (collectively, the "Original Defendants") alleging violations of the Fair Labor Standards Act and New York Labor Law. See Compl., ECF No. 1. Plaintiff subsequently filed an Amended Complaint adding Defendant Gingo Corp. d/b/a Marabella Pizza (together with the Original Defendants, "Defendants"). See Am. Compl., ECF No. 30. During a conference with this Court, Plaintiff indicated on the record that he no longer wished to pursue this litigation. 2/14/2019 Conf. Tr., ECF No. 53 at 19:14-20:18. In response to Plaintiff's oral application, this Court respectfully recommends that this case be dismissed without prejudice, see Fed. R. Civ. P. 41(a)(2), and that the pending motions relating to Plaintiff's counsel's motion to withdraw, ECF Nos. 43, 45, be found to be moot.

**I.        BACKGROUND**

Plaintiff commenced this action against the Original Defendants. See Compl. After Defendants Leto and Marabella Pizza answered, ECF No. 7, this Court held an initial conference and set pre-trial deadlines, see ECF No. 11. Defendants Leto and Marabella Pizza then filed an

1

Amended Answer and Crossclaim against Defendant Passalacqua.  ECF No. 13.  Defendant Passalacqua answered the Complaint and Crossclaim, and himself crossclaimed against Defendants Leto and Marabella Pizza.  ECF Nos. 23-24.

The Court held a telephone conference, after which the Parties were referred to mediation.  ECF No. 29.  Prior to any mediation, Plaintiff filed an Amended Complaint, adding Defendant Gingo Corp. (together with Defendants Leto and Marabella Pizza, the "Marabella Defendants").  ECF No. 30.  All Defendants answered, and the Marabella Defendants and Defendant Passalacqua again crossclaimed against each other.  ECF Nos. 34, 41, 42.  The Parties exchanged certain paper discovery, see ECF Nos. 38-39, and the Marabella Defendants sought leave to file a motion for partial summary judgment in connection with the FLSA claims based on the gross sales of Plaintiff's alleged employer, which were purportedly less than $500,000.00 per year during the relevant period.  See ECF No. 35 at 1.

A mediation subsequently took place, but Plaintiff did not appear, despite his counsel's attendance.  See Cooper Decl., ECF No. 44 ¶ 4; 2/8/2019 Mediation Report.  After Plaintiff failed to appear at the mediation, Plaintiff's counsel moved to withdraw as counsel due to Plaintiff's failure to participate in the litigation process.  See generally Cooper Decl.  Plaintiff's counsel noted that Plaintiff had returned to work for Defendants, and Plaintiff's failure to participate appeared to relate to his discomfort litigating against his current employer.  See id. ¶¶ 5-8.[1]  This Court held a conference at which Plaintiff appeared by telephone and confirmed that he did not wish to pursue this litigation.  See 2/14/2019 Conf. Tr. at 19:14-20:18.  In light of

---

[1] Plaintiff had previously expressed a desire to discontinue this action after he returned to work for Defendants, see ECF No. 14, but, at that time, decided to continue the action, see ECF No. 18.

Plaintiff's representations on the record, the Court adjourned all deadlines sine die.  See

3/12/2019 Order; 4/24/2019 Order; 6/18/2019 Order.

**II.     DISCUSSION**

Federal Rule of Civil Procedure ("Rule") 41(a)(2) provides that an action may be dismissed at the plaintiff's request "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) further provides that, unless the order states otherwise, the dismissal is without prejudice.  Id.  Although voluntary dismissal without prejudice is not a matter of right, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." Paulino v. Taylor, 320 F.R.D. 107, 109 (S.D.N.Y. 2017); see D'Alto v. Dahon Cali., Inc., 100 F.3d 281, 283 (2d Cir. 1996) ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed if the defendant will not be prejudiced thereby." (internal quotation marks & citation omitted)).  The focus of the analysis on a motion for voluntary dismissal is any prejudice to the defendant.  See Paulino, 320 F.R.D. at 109.  The Supreme Court and the Second Circuit have recognized that "starting a litigation all over again does not constitute legal prejudice." D'Alto, 100 F.3d at 283; see Fosamax Prods. Liab. Litig., No. 6 Civ. 5088 (JFK) (JCF), 2008 WL 5159778, at *2 (S.D.N.Y. Dec. 9, 2008); Jaskot v. Brown, 167 F.R.D. 372, 373 (S.D.N.Y. 1996).[2]

---

[2] There is an exception to this rule for when "the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action.  Having been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree." D'Alto, 100 F.3d at 283.  Although the Marabella Defendants have sought leave to move for partial summary judgment, that request is based on Defendants' assertion that the restaurant employing Plaintiff did not gross at least $500,000.00 in sales during the relevant time period as required under the FLSA.  See ECF No. 35.  The Marabella Defendants' request is not based on

3

The Second Circuit has set forth five factors to assist a court in determining whether a defendant will suffer legal prejudice: "[1] the plaintiff's diligence in bringing the motion; [2] any undue vexatiousness on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expenses of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham Univ., 900 F.2d 12 (2d Cir. 1990). Where, as here, Plaintiff may have the right to renew the claims against the nonmoving party, these factors apply. Paulino, 320 F.R.D. at 110.

Defendants have not demonstrated legal prejudice sufficient to bar voluntary dismissal without prejudice pursuant to Rule 41(a)(2). Although the first Zagano factor weighs against Plaintiff, factors two through five weigh more heavily in Plaintiff's favor. On balance, and as discussed below, overall, the Zagano factors weigh in favor of dismissal without prejudice.

The first factor – Plaintiff's diligence in bringing his request for dismissal – weighs slightly against Plaintiff. This case has been pending for just over a year, and the record demonstrates that Plaintiff was contemplating withdrawing his case as early as October 2018. See ECF No. 14. As discussed below with respect to factors three and four, Plaintiff did not wait until after Defendants took any substantial litigation steps, such as filing a motion for summary judgment or preparing for trial. Cf. George v. Prof'l Disbosables Int'l, Inc., No. 15 Civ. 3385 (RA) (BCM), 2017 WL 1740395, at *2-3 (S.D.N.Y. May 2, 2017) (finding the first factor weighed heavily against plaintiff where he made his motion for voluntary dismissal a full year after completion of costly discovery and the day defendants were to file their summary judgment motion).

---

any developments made during this litigation, and, for the reasons discussed below, Defendants would not be prejudiced if Plaintiff later chose to bring a new litigation.

4

The second factor – whether Plaintiff acted with undue vexatiousness – weighs heavily in Plaintiff's favor.  Vexatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill-motive.  See Paulino, 320 F.R.D. at 110; In re Fosamax Prods., 2008 WL 5159778, at *3.  There is no evidence to suggest that Plaintiff acted vexatiously.  See In re Fosamax Prods., 2008 WL 5159778, at *3 (finding no undue vexatiousness or ill-motive where there was no suggestion plaintiff filed or maintained her claims without a reasonable basis).  Rather, the record suggests Plaintiff brought his claims in good faith, but, upon being rehired by Defendants, chose not to pursue litigation against his current employer.[3]

The third factor – the extent to which the suit has progressed – also weighs in Plaintiff's favor.  It appears, based on letters filed by the Parties, that there has been an exchange of document discovery, but the production was minimal.  See ECF No. 39 at 2.  There is no indication that any depositions were taken, no dispositive motions were filed, and no trial preparation was commenced.  The fact that this case is in its early stages is also relevant to the fourth factor – the potential duplicative expense of relitigation.  The discovery already conducted has not been extensive and would remain relevant in any future litigation.  This factor weighs in Plaintiff's favor.  See In re Fosamax Prods., 2008 WL 5159778, at *3 (granting a Rule 41(a)(2) motion although the parties had taken depositions and reviewed a production of medical records because the discovery would "remain of value" and "not need to be duplicated" upon refiling the lawsuit); Jaskot, 167 F.R.D. at 374 ("In any event, the time and expense the defendant incurred

---

[3] Defendant Passalacqua seeks sanctions, alleging that it "can be inferred from the history of events" that Plaintiff lacked good faith. ECF No. 48 at 2.  The Court disagrees with this inference and declines to award sanctions.

5

to gather the facts, file a motion to dismiss and conduct discovery will not be wasted if these allegations do in fact appear in a subsequent complaint.").

The final factor – the adequacy of Plaintiff's explanation for his need to dismiss – weighs slightly in Plaintiff's favor.  The Court infers, as has Plaintiff's counsel, that Plaintiff no longer wishes to pursue this action because he is now re-employed by Defendants.  In fact, when Plaintiff did not appear for the Court conference, he was located at his job and participated in the conference via telephone.  2/14/2019 Conf. Tr. 12:25-13:25, 16:1-3.  Given that continuing the litigation would require Plaintiff to criticize his current employer, which Plaintiff avoided by working rather than coming to Court, this factor favors Plaintiff.

Beyond the Zagano factors, the Court notes that Plaintiff's reluctance to pursue his claims came after he again became employed by Defendants.  Because of his continued employment by Defendants, he may have ongoing claims if the alleged violations have continued, although Defendants have denied the allegations that their pay practices are improper.  See TAC & Answers to TAC, ECF Nos. 30, 34, 41 ¶¶ 30-32, 36-37, 40-72.  The Court does not opine on the merits of Plaintiff's allegations, but the Court will not relieve Defendants of the pressure of complying with their legal obligations going forward by cutting off any potential recovery period should Plaintiff be able to allege and support FLSA or NYLL claims in the future for past, current or future misconduct by Defendants.

### III. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that this action be dismissed without prejudice.  If the District Judge adopts this recommendation, this Court further recommends that the motions made in connection with Plaintiff's counsel's request to withdraw as Plaintiff's attorney, ECF Nos. 43, 45, be found to be moot.

**IV.     OBJECTIONS**

Written objections to this report and recommendation must be filed within fourteen days of service and in accordance with the Individual Rules of the District Judge.  Failure to file objections within the specified time waives the right to appeal.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>Caidor v. Onondaga Cty.</u>, 517 F.3d 601, 604 (2d Cir. 2008).

Dated:  Brooklyn, New York
       August 23, 2019

*Vera M. Scanlon*

VERA M. SCANLON

United States Magistrate Judge

7